```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**LORRAINE PETERSEN**                                        **CIVIL ACTION**
**AND RICHARD PETERSEN**

**VERSUS**                                                   **NO. 14-1516**

**KENNETH PETERSEN, SR.,**                                   **SECTION "B"(5)**
**KAREN RUIZ PETERSEN AND**
**CARTER PROPERTIES, LLC**

<u>ORDER AND REASONS</u>

<u>Nature of Motion and Relief Sought</u>

Before the Court is Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. (Rec. Doc. No. 6). Plaintiffs have filed a response. (Rec. Doc. No. 8). Defendants subsequently filed a reply. (Rec. Doc. No. 13).

**IT IS ORDERED** that Defendants' Rule 12(b)(6) motion to dismiss is:

1. **DENIED** as to Kenneth and Karen Ruiz Petersen;

2. **GRANTED, WITHOUT PREJUDICE,** as to Carter Properties, LLC. Plaintiffs are **GRANTED** leave to amend their complaint as to Carter Properties, LLC;

3. **GRANTED, WITHOUT PREJUDICE,** as to the fraud claim. Plaintiffs are **GRANTED** leave to amend

1

    their complaint to specify the time and place of the alleged fraud.

  4. Plaintiff shall have 21 days of this Court order to file pleadings containing the foregoing amendments.

Cause of Action and Facts of the Case

  Plaintiffs to this action are Lorraine and Richard Petersen. Defendants are Kenneth Petersen, Sr., his wife Karen Ruiz Petersen, and their corporate entity, Carter Properties, LLC. Kenneth Petersen is Plaintiffs' son. Plaintiffs have filed suit against all three Defendants, alleging fraud, breach of fiduciary duty, breach of duty of mandatary, conversion, and unjust enrichment. (Rec. Doc. No. 8).

Contentions of Movant

  In their motion to dismiss, Defendants claim that both Lorraine and Richard Petersen executed "Durable Financial Powers-of-Attorney" naming Kenneth Petersen as Plaintiffs' agent. (Rec. Doc. No. 6). Kenneth Petersen claims, however, that he received a letter from United Services Automobile Association (USAA) revoking this power-of-attorney on January 21, 2013. Kenneth Petersen maintains that while he was acting pursuant to this agency relationship, he did so faithfully and within its boundaries. (Rec. Doc. No. 6 at 2-3). Defendants also claim

that Plaintiffs authorized the financial transactions in connection with their Hurricane Katrina house repair prior to 2007. (Rec. Doc. No. 6, at 3).

Contentions of Respondent

Plaintiffs contend that Lorraine Petersen gave Defendant Kenneth Petersen a "financial power of attorney" while she and her husband were in poor health. (Rec. Doc. No. 6-4 at 2-3). Plaintiffs allege that Defendants harmed them by opening lines of credit and wrongfully taking money from various sources, including their IRA, money market, and bank accounts in breach of the fiduciary duty created by the financial power of attorney. (Rec. Doc. No. 6-4 at 2-3).

Plaintiffs' opposition to Defendants' motion to dismiss echoes many of the original factual allegations contained in their complaint. Due to Plaintiffs' debilitating ailments, Defendants allegedly undertook management of Plaintiffs' finances in 2007. Plaintiffs claim that, in the course of this management, Defendants defrauded them by opening a line of credit on Plaintiffs' home by "misrepresenting to Lorraine Petersen that she was co-signing on a loan for Kenneth and Karen's home." (Rec. Doc. No. 8, at 3-4). Plaintiffs allege that Defendants proceeded to use this line of credit for their personal and business use, without repayment, and this resulted

3

in the foreclosure on Plaintiffs' home. (Rec. Doc. No. 8, at 3-4). Plaintiffs contend that whatever gains Defendants realized through their mismanagement of Plaintiffs' money were funneled into their corporate entity, Carter Properties, LLC. (Rec. Doc. No. 8 at 8-9).

Law and Analysis

*Motion to Dismiss as to Kenneth and Karen Ruiz Petersen*

Rule 12(b)(6) provides that failure to state a claim upon which relief can be granted is a defense and possible ground for dismissal of a civil action in federal court.

Federal Rule of Civil Procedure 12(b)(6) and its jurisprudence focus on the facts a plaintiff can truthfully allege and the inferences and conclusions a court may reasonably draw from those facts. It contains no requirement to plead legal theories. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981).

The U.S. Court of Appeals for the Fifth Circuit established the following standard: "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harold H. Huggins Realty, Inc. V. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Plausible on its face" means the pleading

alleges factual content sufficient for the court to draw the reasonable inference that defendants are liable for the misconduct alleged." *Id.* Conversely, a plaintiff's complaint is "implausible on its face" where these well-pleaded facts allow no more than an inference of the mere "possibility of misconduct." *Id.* (*quoting Iqbal*, 556 U.S. at 679). So long as a complaint alleges facts upon which relief can be granted, even if it fails to categorize the properly applicable legal theories underlying that claim, then the complaint will survive a 12(b)(6) motion. *Dussouy*, 660 F.2d at 604.

Defendants bear the burden of showing that plaintiffs can prove no set of facts consistent with the allegations in the complaint which would entitle them to relief. *Baton Rouge Building and Construction v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). On a 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true, and it views them in the light most favorable to the non-movant. *American Waste & Pollution Control Company, Inc. V. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).

A complaint's factual allegations are sufficient where the face of the complaint contains enough factual matter to raise a reasonable expectation that discovery will reveal evidence of the elements of plaintiffs' claims. *Lormand v. U.S. Unwired,*

*Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). The foregoing implements the well-settled principle that "[m]otions to dismiss for failure to state a claim are viewed with disfavor and rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

In the instant case, Defendant relies on the argument that "overall, Plaintiffs' Petition for Damages fails as a matter of law due [*sic*] its failure to plead laws and/or legal theories on which relief can be granted," and should therefore be dismissed. (Rec. Doc. No. 6, pg. 4).

Plaintiff's complaint generally sets out sufficient facts from which this Court can reasonably infer, accepting as it must that Plaintiffs' well-pleaded allegations are true, that Defendants are liable for the alleged misconduct. Specifically, paragraphs "V" through "XIII" set out various allegations of legally cognizable misconduct. Paragraph VII (Rec. Doc. No. 6-4, pg. 3) alleges, "Lorraine learned after her home went into foreclosure that the mortgage that Lorraine believed she was signing as a guarantor for Kenneth and Karen (Defendants), was actually for a line of credit on Lorraine and Richard's (Plaintiffs) own home in the amount of $112,500." Paragraph VIII alleges a potential breach of fiduciary duty or fraud: "Defendants took the $112,500 from the line of credit secured by

6

the Petitioners' home for Defendants' personal and/or business use." (Rec. Doc. No. 6-4, pg. 3).

The complaint additionally alleges: "Defendants took and/or cannot account for and/or incurred over $20,000 in charges, transfers and/or cash advances on several of Petitioners' credit cards...Defendants took and/or cannot account for at least $62,762.75 from two of Petitioners' IRA accounts." (Rec. Doc. No. 6-4, pg. 3). These factual allegations raise legal theories ranging from breach of fiduciary duty to fraud and unjust enrichment.[1]

Plaintiffs' allegations, while failing to establish the precise legal theories on which Plaintiff seeks to rely, avoid the threadbare recitation of conclusory legal statements that 12(b)(6) and its jurisprudence seek to exclude.[2] Further, Plaintiffs' complaint is not required to set out the precise legal theories on which it seeks to rely in order to survive under a Rule 12(b)(6) attack. *Dussouy*, 660 F.2d at 604.

Plaintiffs allege sufficient facts from which this Court can reasonably expect that discovery will reveal further

---

[1] *See, e.g., Gerdes v. Estate of Cush*, 953 F.2d 201, 204-5 (5th Cir. 1992) (discussing nature of fiduciary duty under Louisiana law); *Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.*, 986 F.2d 1463, 1468 (5th Cir. 1993) (discussing elements of fraud under Louisiana law); *Creely v. Leisure Living, Inc.*, 437 So.2d 816, 821-22 (La. 1983) (discussing the elements of unjust enrichment under Louisiana law).

[2] *See Iqbal*, 556 U.S. at 678 (the Rule 8 pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

7

evidence to support and establish Plaintiffs' legally cognizable claims. The complaint thus establishes a reasonable inference of the Defendants' misconduct and Plaintiffs' entitlement to relief therefrom. Accordingly, the Court denies Defendants' 12(b)(6) motion as to Kenneth and Karen Petersen.

*Defendants' Motion to Dismiss as to Carter Properties, L.L.C.*

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement showing the pleader is entitled to relief. The function of a complaint is to give a defendant fair notice of plaintiff's claim(s) and the grounds upon which plaintiff relies. *St. Paul Mercury Ins. Co. V. Williamson*, 224 F.3d 425, 434-35 (5th Cir. 2000). Rule 8(e)'s provision for pleadings to be construed so as to do justice buttresses this notice pleading doctrine, as justice is done where defendants are put on notice of the claims against them.

Defendants claim that Plaintiffs' petition lacks any reference to Carter Properties, L.L.C. and thus has failed to state a claim against this entity. (Rec. Doc. No. 6, pg. 5). Plaintiffs contend that Carter Properties, LLC, as an entity owned and controlled by the Defendants, financially benefitted from their wrongful actions. (Rec. Doc. No. 8, at 5).

While Carter Properties is named as a party at the beginning of the complaint, nothing is specifically alleged against it in the body of the complaint. (Rec. Doc. No. 6-4). Defendants could likely speculate as to Plaintiffs' allegations against Carter Properties, but the dearth of any mention of Carter in the body of the complaint fails to provide Defendants the requisite Rule 8 notice.

***Amendment as to Claim Against Carter Properties, LLC.***

Federal Rule of Civil Procedure 15(a)(2) states: "...a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Justice requires the Court to grant Plaintiffs leave to amend their claims against Carter Properties, LLC.

District courts have discretion over granting amendment, upon consideration of the following factors: 1) undue delay; 2) bad faith or dilatory motive on the part of the movant; 3) repeated failures to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Marucci Sports*, *L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (*citing Mayeaux v. La. Health Serv. and Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)).


None of the preceding factors militate against granting Plaintiffs leave to amend their claims against Carter Properties. Plaintiffs have asserted their right to amendment. (Rec. Doc. No. 8 at 12). Defendants advance no arguments against amendment. This is also Plaintiffs' first motion to amend, nullifying arguments under factors one and three, above. The remaining factors depend largely on temporal arguments, grounding their salience in a plaintiff's previous opportunities to amend. Plaintiffs here have had no such opportunity, and the factors are not met. The Court grants Plaintiffs leave to amend their claims against Carter Properties, LLC.

*Motion to Dismiss Fraud Claim*

Federal Rule of Civil Procedure, 9(b) provides: "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) supplements Rule 8's notice pleading doctrine, serving specifically to impede meritless fraud claims from reaching discovery. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-6 (5th Cir. 2009).

The sufficiency of a fraud claim is tested on whether the pleading alleges: "the time, place, and contents of the false representation, as well as the identity of the persons making

10

the misrepresentation and what that person obtained thereby." *Id*. at 186 (*quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

Defendants contend that Plaintiffs' petition is insufficient as paragraph VII fails to allege the date/time of the conversation leading to the commission of the alleged fraud. (Rec. Doc. No. 6 at 6). Plaintiffs dispute all of these contentions, claiming that they have sufficiently pled the "who, what, when, where, and how" required by their cited jurisprudence. (Rec. Doc. No. 8 at 7-8). Defendants also claim that Plaintiffs failed to allege "malice or intent or any other required element." (Rec. Doc. No. 6 at 6). As provided in Rule 9(b), however, Plaintiffs may allege these conditions of the mind generally, and they have done so successfully. (Rec. Doc. No. 6-4 at 2)

Plaintiffs allege simple fraud: that Defendants presented them a mortgage to be signed and represented that it was on Defendants' home when it was actually for a line of credit on Plaintiffs' home. (Rec. Doc. No. 6-4 at 2). Plaintiffs' allegation establishes the requisite content of the misrepresentation, the identity of the persons making the representation, and what those persons obtained thereby. *See Williams*, 112 F.3d at 178-9.

11

Plaintiffs, however, failed to plead with sufficient particularity when this fraud occurred. While they allege that these financial transgressions generally coincided with their "debilitating health problems beginning around 2007," Plaintiffs do not explain when the alleged fraud began-or when the misleading conversation about the fraudulent mortgage occurred. (Rec. Doc. No. 6-4 at 2). Pleading the timing of fraud requires more specificity than a broad statement rooting its beginnings in 2007 and leaving a seven-year span in which it could have occurred. *See Berry v. Indianapolis Life Ins. Co.*, 600 F.Supp. 2d 805, 816-17 (N.D. Tex. 2009); *see also Williams*, 112 F.3d at 178-9.

Defendants' motion to dismiss as to the fraud claims should be granted, without prejudice, and Plaintiffs are granted leave to amend their fraud claims to more specifically allege both the time and place of the alleged fraud. Granting leave to amend these fraud allegations is governed by the same rules discussed above. The same facts also apply: Plaintiffs have asserted their right to amendment without challenge, and this Court has not previously granted Plaintiffs leave to amend. Accordingly, the Court finds that Plaintiffs should be granted leave to amend their fraud allegations.

<u>Conclusion</u>

12

For the above and other reasons, **IT IS ORDERED** that Defendants' Rule 12(b)(6) motion to dismiss is:

1. **DENIED** as to Kenneth and Karen Ruiz Petersen;

2. **GRANTED, WITHOUT PREJUDICE,** as to Carter Properties, LLC. Plaintiffs are **GRANTED** leave to amend their complaint as to Carter Properties, LLC;

3. **GRANTED, WITHOUT PREJUDICE,** as to the fraud claim. Plaintiffs are **GRANTED** leave to amend their complaint to specify the time and place of the alleged fraud.

4. Plaintiff shall have 21 days of this Court order to file pleadings containing the foregoing amendments.

New Orleans, Louisiana, this 17th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE