UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORRAINE PETERSEN, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 14-1516 |
| KENNETH PETERSEN, SR., ET AL. | SECTION: "B"(5) |

### ORDER AND REASONS

Before the Court is a Motion to Quash Notices of Depositions filed by Defendants, Carter Properties, L.L.C.; Karen Ruiz Petersen; and Kenneth Petersen, Sr. (Rec. doc. 19). The Court heard argument on the Motion on November 5, 2014, after which it issued an Order directing counsel for both parties to confer on available dates for the depositions of Defendants in the first half of December. (Rec. doc. 30). The Court further ordered that the parties supplement their respective submissions with respect to the hardship that would reportedly be visited upon Defendants in having to travel to New Orleans for their depositions. (*Id.*).

Defendants have responded to the aforementioned Order by submitting affidavits stating that travelling to New Orleans for depositions in this matter would impose an undue financial and employment burden upon each of them. (Rec. docs. 31, 32). Plaintiffs filed an Opposition to Defendants' affidavits (rec. doc. 38), to which Defendants filed their

own "Opposition."[1]  (Rec. doc. 44).  Finally, Plaintiffs filed a Sur-reply Memorandum.  (Rec. doc. 46).

The Court has thoroughly considered the parties' memoranda and supporting affidavits and exhibits and finds that Defendants' Motion should be and is GRANTED IN PART AND DENIED IN PART.

A notice for the taking of a deposition of a party, sent to all parties or their counsel, is all that is necessary to require a party to appear for deposition.  8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2107.  Generally, the "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place."  *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mi. 1987) (*quoting* Wright and Miller, *supra* at § 2112).  Here, the Defendants seek such relief from the Court.

It is within the discretion of the court to designate the location and mode for the taking of depositions, and each application must be considered on its own facts and equities.  *See generally* FRCP 26(c)(1)(B); *Terry v. Modern Woodman of America*, 57 F.R.D. 141, 143 (W.D. Mo. 1972).  While a plaintiff will ordinarily be required to make himself or herself available for examination in the district in which suit was brought, such is not generally the case for defendants.  *See* Wright and Miller, *supra* at § 2112 and cases cited therein.  The court, in the exercise of its discretion, may order a defendant to appear at any convenient place but the case law indicates that "it will be presumed that the defendant

---

[1] While the Memorandum is styled "Opposition to Plaintiffs' Exhibits Submitted in Opposition to Defendants' Affidavits of Financial Hardship," and does in fact set forth arguments in opposition to Plaintiffs' exhibits, it also argues more generally in support of their own affidavits and position regarding financial hardship.

will be examined at his residence or place of business or employment." *Farquhar*, 116 F.R.D. at 72.

One court examining this question aptly summarized the operative principles:

> From these principles has evolved the rule that in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979), *Dunn v. Standard Fire Insurance Co.*, 92 F.R.D. 31 (E.D. Tenn. 1981), *General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D. Mo. 1979). Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum. *See Work v. Bier*, 107 F.R.D. 789, 792 (D.C. 1985). Indeed, some cases have held that a claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances necessary to alter this rule. *General Leasing Co.*, *supra* at 131.

*Farquhar,* 116 F.R.D. at 72.

Other courts have applied these notions to require the taking of defendants' depositions where they live or work. *See, e.g., In re Outsidewall Tire Litigation,* 267 F.R.D. 466, 471 (E.D. Va. 2010) ("because a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected); *Twardzik v. Sepauley*, 286 F. Supp. 346, 350 (E.D. Pa. 1968); *accord O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004) (holding that personal jurisdiction over the defendant was, in and of itself, insufficient to require him to travel to the forum for his deposition).

Plaintiffs in this matter cite the Court to two decisions of this district for the proposition that "deponents" must show extreme hardship to avoid sitting for a deposition in the forum state. However, both of those cases involved *plaintiffs* who sought to avoid travelling for their depositions. *Birkland v. Courtyards Guest House*, No. 11-CV-0349, 2011 WL 4738649 at *3 (E.D. La. Oct. 7, 2011); *Xavier v. Belfor USA Grp., Inc.*, No. 06-CV-0491, 2009 WL 3231547 at *5 (E.D. La. Oct. 2, 2009). As noted above, defendants are generally not required to demonstrate any particular hardship in order to have a court order their deposition take place where they work or live.

Notwithstanding the presumption against defendants having to travel to the forum to be deposed, Defendants here have additionally argued that such travel would, in fact, impose a heavy burden on each of them, both in terms of costs and time away from work. In the Court's view, Defendants' affidavits in this regard do appear to establish that travel from Florida to Louisiana for two full days of depositions would unduly burden them. This only strengthens the general presumption that they be deposed in their home state.

That presumption is not irrebuttable, however – courts have held that the presence of "exceptional or unusual circumstances" may alter the presumption. *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993); *see also General Leasing Co. v. Lawrence PhotoGraphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979). While Plaintiffs in this case have argued that they would face some financial hardship were their counsel to have to travel to Florida for Defendants' depositions, those protestations are not supported by any evidence or testimony. Accordingly, the Court finds that Plaintiffs have failed to establish exceptional circumstances that would justify an order that the Defendants travel here for their depositions.

For the foregoing reasons, the Court will grant Defendants' Motion quashing their depositions to the extent those depositions are sought in Louisiana. This is not to say, however, that they may avoid being deposed at all. At oral argument, the Court discussed with counsel alternatives to the Defendants travelling here for their depositions, including arrangements for telephone or video depositions. Defendants have offered to sit for depositions under such arrangements and the Court leaves it to Plaintiffs' counsel to decide whether to employ either of these options in lieu of physical attendance at depositions in Florida. However, the Court will not order Defendants to travel to Louisiana simply because Plaintiffs' counsel believes it necessary to conduct an in-person deposition. *See Perry v. Edwards,* 16 F.R.D. 131 (W.D. Mo. 1954)(holding that a requirement that defendant, who did not choose the forum, leave his work and travel, at his own expense, from his home state to the forum state and return, so that plaintiff might use his preferred mode of taking defendant's deposition upon oral examination and avoid expense of going to defendant's home state to do so, was unreasonable and oppressive).

Accordingly, Defendants' Motion is granted in part and denied in part. Defendants' depositions will go forward in Tallahassee, Florida at a date and time to be agreed to by the parties. Said depositions will be limited in scope and length only to the extent dictated by the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this __2nd__ day of _____December_____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

5