UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORRAINE PETERSEN AND RICHARD PETERSEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1516** |
| **KENNETH PETERSEN, SR., KAREN RUIZ PETERSEN, AND CARTER PROPERTIES, LLC** | **SECTION B(5)** |

## ORDER AND REASONS

### I. NATURE OF THE MOTIONS AND RELIEF SOUGHT

There are several motions for the Court. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that Plaintiff's Motion to Substitute Plaintiff (Rec. Doc. No. 52) is **GRANTED,** thereby substituting Lorraine Petersen, in her capacity as Administratrix of the Succession of Richard Petersen, in the place of Plaintiff, Richard Petersen.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, or in the Alternative, Motion for Leave to File Reply Memorandum (Rec. Doc. No. 60) is **DISMISSED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss for Failure to Comply with Court's Order and for Costs and Attorneys' Fees (Rec. Doc. No. 61) is **GRANTED,** and Defendants' Third-Party Complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that because the foregoing moots the basis provided in the Unopposed Motion to Continue (Rec. Doc. No. 66) and Motion for Expedited Consideration thereof (Rec. Doc. No. 64), the same shall be **DISMISSED** as **MOOT**.

## II.   FACTS, PROCEDURAL BACKGROUND AND CONTENTIONS

In this diversity action for breach of contract, Lorraine, wife of/and Richard Petersen, assert claims against their son, Kenneth Petersen Sr. and his wife Karen Ruiz Petersen, as well as Kenneth and Karen's business, Carter Properties, LLC.[1] Plaintiffs allege fraud, breach of fiduciary duty, breach of mandatary, conversion, and unjust enrichment arising out of a "Durable Financial Powers-of-Attorney" executed by Kenneth Petersen, Sr.[2] This matter was removed to the Court from the 34th Judicial District Court for the Parish of Orleans.[3]

On December 15, 2014, Lorraine Petersen filed a Motion to Substitute Plaintiff.[4] On October 17, 2014, her husband Richard passed away.[5] On December 3, 2014, Lorraine was appointed Administratrix of the Succession of Richard Petersen, and on December 15, 2014, moved for an order substituting her in that

---

[1] Rec. Doc. No. 1-2.
[2] Rec. Doc. No. 1.
[3] Rec. Doc. No. 1.
[4] Rec. Doc. No. 52.
[5] Rec. Doc. No. 52 at 1; 52-2 at 5.

capacity, in the place of Plaintiff, Richard Petersen in this action.[6]

Defendants oppose the motion on the basis that, (1) the claims by Richard are the same as those by Lorraine; (2) confusion would result as Defendants have asserted claims against three heirs (Kenneth Petersen, Leonard Petersen, and Richard Petersen, Jr.) for theft, fraud, conversion, unjust enrichment, etc.[7] On January 2, 2015, Defendants filed an Answer to the First Amended Complaint asserting these third-party claims.[8] Defendants claim that permitting the substitution would allow, in the event a judgment is rendered against one or more of the Defendants, the Third-Party Defendants to be unjustly enriched through the judgment obtained by the estate.[9]

Plaintiff filed a Motion to Strike, or in the Alternative, Motion for Leave to File Reply Memorandum because the foregoing opposition was not filed at least eight days prior to the submission date.[10]

Plaintiff filed a Motion to Dismiss [the Third-Party Complaint] for Failure to Comply with Court's Order and for Costs

---

[6] Rec. Doc. No. 52 at 2, 52-1 at 1.
[7] Rec. Doc. No. 57.
[8] Rec. Doc. No. 54.
[9] Rec. Doc. No. 57
[10] Rec. Doc. No. 60.

and Attorney's Fees.[11] Defendants filed a Response in Opposition to Plaintiff's Motion to Dismiss.[12] Plaintiff filed a reply.[13]

## III. LAW AND ANALYSIS

There are two main issues before the Court: (1) whether Defendants' third-party complaint should be dismissed, and (2) whether Plaintiff's substitution should be denied, in light of the scheduling order in place in this matter. The scheduling order provides: "[a]mendments to pleadings, third-party actions, cross-claims and counter claims shall be filed no later than SEPTEMBER 2, 2014."[14]

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the

---

[11] Rec. Doc. No. 61.
[12] Rec. Doc. No. 63.
[13] Rec. Doc. No. 73.
[14] Rec. Doc. No. 7 at 1.

importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such a prejudice. *Fahim v. Marriott Hotel Services, Inc.,* 551 F.3d 344, 348 (5th Cir. 2008).

    a. <u>Motion to Dismiss the Third-Party Complaint and for Costs and Attorney's Fees</u>

Defendants argue that: (1) the Third Party Complaint, filed in conjunction with the Amended Answer, is not untimely as the filing is well within the 14-day window established by Fed. R. Civ. P. 14 to file a complaint on a nonparty; and, (2) under Fed. R. Civ. P. 19, the Defendants are required by law to add parties they believe may be liable for the claims brought against them.[15]

Rule 14(a)(1) provides:

> "A defending, party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

Rule 14(a)(1) does not apply here. An answer to an amended complaint may only serve an as original answer, within the meaning of the rule, if the amended complaint changes the need for impleader. *United Nat. Ins. Corp. v. Jefferson Downs Corp.*, 220 F.R.D. 456, 458 (M.D. La. 2003). A review of the amended answer

---

[15] Rec. Doc. No. 63 at 3.

reveals that no new claims or theories of liability have been asserted.[16] Because the amended answer did not change Defendants' need to implead the Third Party Defendants, the Amended Answer cannot serve as an "original answer," and Defendants should have obtained leave of court to serve the Third Party Defendants.

Rule 19(a) provides:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties...[17]

The Third-Party Complaint alleges that Third-Party Defendants availed themselves of Plaintiffs' monies and are liable for: "harassment, terroristic threat, intentional infliction of emotional distress, stalking, unjust enrichment, breach of fiduciary duties, fraud, theft and conversion."[18]

First, joinder of the Third-Party Defendant deprives this court of subject-matter jurisdiction. On the face of the Notice of Removal, jurisdiction in this matter is based on 28 U.S.C. § 1332(a) diversity of citizenship.[19] The statutory provision requires complete diversity between all plaintiffs and all

---

[16] Rec. Doc. No. 51.
[17] Rule 19 goes on to provide as follows: "or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Subsection B does not apply here.
[18] Rec. Doc. No. 54 at 10.
[19] Rec. Doc. No. 1.

defendants. *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC.*, 539 F.App'x 414 (5th Cir. 2013). Complete diversity means that a plaintiff's citizenship must be diverse from the citizenship of each and every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The state of domicile of each party establishes his citizenship for diversity purposes. *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564 (5th Cir. 2011). According to the Petition for Damages filed in the state court and the Third-Party Complaint, Plaintiffs and Third-Party Defendants are all domiciled in the state of Louisiana.[20]

Second, the Third-Party Defendants are not required parties to this action under subsection (a)(1) (or (b) for that matter). Defendants appear to be operating under the impression or fear, of being held liable for the alleged conduct of Third Party Defendants. As alleged, whether Third Party Defendants are in whole, or in part, liable for the theft or conversion of Plaintiffs' monies, is separate and apart from whether Defendants themselves are, in whole or in part, liable for the same. The Court can accord complete relief among the existing parties on the claims before it.

---

[20] Rec. Doc. No. 1-2 at 1; Rec. Doc. No. 54 at 10.

Third, Defendants have failed to establish good cause for the untimely pleading and/or failure to obtain leave of court.[21] Defendants claim to have been recently made aware of the need to implead the Third-Party Defendants at December 2014 depositions of Defendants, and as a result of exhibits presented by Plaintiff.[22] Defendants' own depositions provide the basis for the asserted need to implead Third-Party Defendants.[23] Thus, the Court fails to comprehend why Defendants did not seek to implead until nearly four months after the September 2, 2014 deadline for third-party actions.

Additionally, Plaintiffs, whose case was removed from the state court, would most certainly suffer prejudice in the form of delay to bringing this matter to a resolution, as joinder would require additional discovery, and continuance of the current trial date, which is two months away.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendants' Third-Party Complaint against Kenneth Petersen, Leonard Petersen, and Richard Petersen, Jr is **GRANTED** on the ground that the required leave of court was not obtained.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 16(f)(2) Plaintiffs be awarded the reasonable expenses, including

---

[21] Rec.Doc. No. 63 at 12.
[22] Rec. Doc. No. 63 at 11.
[23] E.g. Rec. Doc. No. 63-1 at 2.

attorney's fees, associated with the filing of this motion, and incurred because of Defendants' noncompliance with this Court's scheduling order.[24]

### b. Motion to Substitute Plaintiff

The Court concludes that Plaintiffs have established good cause for a post-deadline substitution of Plaintiff, Lorraine Petersen, in her capacity as Administratrix of the Succession of Richard Petersen, in the place of Plaintiff, Richard Petersen. Specifically, Defendants concerns regarding unjust enrichment by the Third Party Defendants are no longer an issue. Moreover, as Defendants acknowledge, "the allegations and/or claims made by Richard Petersen are the exact claims made by his wife, Lorraine Petersen who is now administratrix of his estate."[25] Thus, no prejudice or delay should result from granting the substitution sought here.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Substitute is **GRANTED**.

---

[24] Federal Rule of Civil Procedure Rule 16(f) Sanctions: (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.
[25] Rec. Doc. No. 57 at 1-2.

9

**IV. CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that Plaintiff's Motion to Substitute Plaintiff (Rec. Doc. No. 52) is **GRANTED,** thereby substituting Lorraine Petersen, in her capacity as Administratrix of the Succession of Richard Petersen, in the place of Plaintiff, Richard Petersen.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, or in the Alternation, Motion for Leave to File Reply Memorandum (Rec. Doc. No. 60) IS **DISMISSED** as **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Dismiss for Failure to Comply with Court's Order and for Costs and Attorneys' Fees (Rec. Doc. No. 61) be **GRANTED,** and Defendants' Third-Party Complaint be **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that because the foregoing moots the basis provided in the Unopposed Motion to Continue (Rec. Doc. No. 66) and Motion for Expedited Consideration thereof (Rec. Doc. No. 64), the same is **DISMISSED** as **MOOT.**

New Orleans, Louisiana, this 21st day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE